IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN ORBEGOSO and JENNIFER ROGERS, on behalf of themselves and others similarly situated, | Civil Action No. |
| Plaintiffs, | Judge |
| v. | Magistrate Judge |
| SPROUT SOCIAL, INC., | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Carmen Orbegoso and Jennifer Rogers ("Plaintiffs") file this Collective Action Complaint ("Complaint") against Sprout Social, Inc. ("Defendant"):

### Nature of this Lawsuit

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated co-workers who worked as Business Development Representatives and/or Sales Development Representatives during the period beginning November 4, 2017 and ending on or around January 24, 2019 (collectively, "Sales Representatives") for Defendant Sprout Social, Inc. ("Sprout Social" or "Defendant"), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Sprout Social employs Sales Representatives to sell its product. Until in or around January 24, 2019, Sprout Social classified its Sales Representatives as exempt from overtime and did not pay them overtime premiums for hours worked over 40 in a workweek.

3. From approximately January 24, 2019 through August 23, 2020, after Sprout Social reclassified its Sales Representatives as non-exempt, Sprout Social did not include

nondiscretionary bonuses and commissions into the overtime premiums that it paid to non-exempt classified Sales Representatives.

4. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Sales Representatives who worked for Sprout Social and who elect to opt in to this action pursuant to the FLSA and, specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid overtime wages.

## The Parties

*Plaintiffs*

**Carmen Orbegoso**

5. Orbegoso is a resident of North Aurora, Illinois.

6. Orbegoso was employed by Sprout Social in Chicago, Illinois from approximately July 2017 to April 2018 as a Sales Development Representative, and from approximately May 2018 through April 2019 as a Corporate Business Development Representative.

7. Pursuant to Sprout Social's practice, until approximately January 24, 2019, Sprout Social did not pay Orbegoso overtime wages for hours worked over 40 in a workweek even though Orbegoso regularly worked more than 40 hours in a workweek.

8. From approximately January 24, 2019 through April 2019, Sprout Social did not include nondiscretionary bonuses and commissions into the overtime premiums it paid to Orbegoso.

9. At all relevant times, Orbegoso was a covered employee within the meaning of the FLSA.

10. A written consent form for Orbegoso is attached as Exhibit A.

**Jennifer Rogers**

11. Rogers is a resident of St. Louis, Missouri.

12. Rogers was employed by Sprout Social in Chicago, Illinois from approximately April 2017 to June 2017 as a Sales Development Representative, and from approximately July 2017 through June 2018 as a Corporate Business Development Representative.

13. Pursuant to Sprout Social's practice, Sprout Social did not pay Rogers overtime wages for hours worked over 40 in a workweek even though Rogers regularly worked more than 40 hours in a workweek.

14. At all relevant times, Rogers was a covered employee within the meaning of the FLSA.

15. A written consent form for Rogers is attached as Exhibit A.

***Defendant Sprout Social, Inc.***

16. Sprout Social is a Chicago, Illinois company that provides an all-in-one social media management platform.

17. Throughout the relevant period, Sprout Social employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

18. Sprout Social is a covered employer within the meaning of the FLSA and, at all times relevant, employed Plaintiffs and similarly situated employees.

19. Sprout Social applied the same employment policies, practices, and procedures to all Sales Representatives.

20. Upon information and belief, at all times relevant, Sprout Social's annual gross volume of sales made or business done was not less than $500,000.

**Jurisdiction and Venue**

21. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claim arises under federal law. *See* to 29 U.S.C. § 216(b).

22. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District.

**Collective Action Allegations**

23. Plaintiffs bring the Cause of Action on behalf of themselves and all Sales Representatives who elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

24. Consistent with Defendant's practice, from approximately November 4, 2017 through January 24, 2019, Plaintiffs and the members of the FLSA Collective were not paid overtime compensation for hours worked above 40 hours in a workweek.

25. Consistent with Defendant's practice, from approximately January 24, 2019 through August 23, 2020, after Defendant reclassified Sales Representatives as non-exempt, Plaintiff Orbegoso and the members of the FLSA Collective were not paid the correct overtime compensation for hours worked above 40 hours in a workweek because Defendant did not include non-discretionary bonuses and commissions into the overtime premiums.

26. All of the work that Plaintiffs and the members of the FLSA Collective performed was assigned by Defendant, and/or Defendant was aware of the work that Plaintiffs and the FLSA Collective performed.

27. For a period of time, Defendant failed to pay Sales Representatives, including Plaintiffs and the members of the FLSA Collective, overtime compensation for hours worked above 40 hours in a workweek and, after January 24, 2019, when it began paying them overtime

wages, failing to pay the correct overtime premiums.

28. Defendant should have paid Plaintiffs and the members of the FLSA Collective overtime compensation, which also means including nondiscretionary bonuses and commission into the regular rate, for hours worked above 40 hours in a workweek.

29. For a period of time, Defendant's conduct was repeated and consistent.

30. Defendant is liable under the FLSA for, *inter alia*, failing to compensate Plaintiffs and the members of the FLSA Collective for overtime hours worked and, once it reclassified the Sales Representative position, failing to pay the proper overtime premiums. Upon information and belief, the FLSA Collective consists of similarly situated individuals who have been underpaid by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

31. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

32. For a period of time, Defendant engaged in a practice of violating the FLSA, as described in this Collective Action Complaint.

33. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

34. At all relevant times, Plaintiffs and the FLSA Collective were engaged in

commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendant employed Plaintiffs and the FLSA Collective.

36. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, apply to Defendant.

37. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and 207(a).

39. Defendant has failed to pay Plaintiffs and the FLSA Collective the proper amount of overtime wages to which they are entitled under the FLSA.

40. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

41. Plaintiffs and the FLSA Collective have suffered damages by being denied the proper amount of overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

42. As a result of Defendant's acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**Prayer for Relief**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Attorneys' fees and costs of the action;

E. A reasonable service award for the Named Plaintiffs to compensate them for the time spent attempting to recover wages for the FLSA Collective and for the risks they took in doing so; and

F. Such other injunctive and equitable relief as this Court shall deem just and proper.

## Jury Demand

Plaintiffs demand a trial by jury.

Dated: July 23, 2021                                        Respectfully submitted,

/s/Maureen A. Salas
Maureen A. Salas
msalas@flsalaw.com
Douglas M. Werman
dwerman@flsalaw.com
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

**Attorneys for Plaintiffs and others similarly situated**