IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN ORBEGOSO and JENNIFER ROGERS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPROUT SOCIAL, INC.,<br><br>Defendant. | Civil Action No. 1:21-cv-03928 |

## DECLARATION OF MAUREEN A. SALAS

I, Maureen A. Salas, declare and state under penalty of perjury, the following:

1. I am a member in good standing of the Illinois State Bar and am a shareholder of Werman Salas P.C. Werman Salas P.C. is counsel for the Plaintiffs.

2. I am familiar with the facts and circumstances of this action. I submit this declaration in support of Plaintiffs' Unopposed Motion for Approval of Settlement Under the Fair Labor Standards Act, for Appointment of Settlement Administrator, for Approval of Service Award, and for Approval of Attorneys' Fees and Costs.

**Werman Salas P.C.'s Qualifications**

3. In *Osman, et al. v. Grube, Inc., et al.*, the Honorable James R. Knepp approved a collective action settlement, finding that the attorneys at Werman Salas are "known and recognized lawyers in wage and hour litigation and have an excellent national reputation in representing tipped employees in this type of case. Courts recognize Plaintiffs' Counsel as leaders in advocating the rights of such workers throughout the United States." No. 16 Civ. 00802, 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018).

1

4. In *Mouloki v. Epee,* the Honorable Schenkier identified Douglas M. Werman and Maureen A. Salas as an example of "highly respected and experienced attorneys in…wage and hour cases." No. 14 Civ. 5532, 2017 WL 2791215, at *3 n.4 (N.D. Ill. June 27, 2017).

5. In *Sanchez v. Roka Akor Chicago LLC*, the Honorable Virginia Kendall approved a class and collective settlement, finding the attorneys at Werman Salas P.C. "national leaders in advocating the rights of working people in wage and hour litigation" and describing Douglas Werman as a "highly respected and experienced lawyer[]…" No. 14 Civ. 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017).

6. In *Schmidt v. Smith & Wollensky, LLC*, the Honorable Ruben Castillo certified a class action, finding Plaintiff's Counsel are "highly experienced attorneys." 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010).

**Factual Allegations and Settlement Negotiations**

7. Plaintiffs are former Sales Development Representatives and Corporate Business Development Representatives (collectively, "Sales Representatives") who worked for Defendant in Chicago, Illinois. Plaintiffs allege that Defendant violated the FLSA by not paying Sales Representatives overtime wages as required by the FLSA.

8. Before filing this lawsuit, Plaintiffs' Counsel conducted a thorough investigation into the merits of the potential claims and defenses.

9. Plaintiffs' Counsel focused their investigation and legal research on the underlying merits of the potential collective action members' claims, the damages to which they were entitled, and the likelihood of collective action certification.

10. Plaintiffs' Counsel obtained and reviewed documents from the Plaintiffs and other Sales Representatives, including offer letters and pay data.

11. Plaintiffs' Counsel also conducted in-depth interviews with the Plaintiffs.

12. On November 4, 2020, in an effort to explore potential pre-litigation resolution of these claims, Plaintiffs' Counsel informed Defendant by letter of the allegations that Defendant's overtime pay practice violated the FLSA.

13. Defendant denied the allegations set forth in Plaintiffs' demand letter. Nevertheless, the Parties entered into a tolling agreement on November 16, 2020 and agreed to explore the possibility of resolution.

14. The Parties subsequently engaged in an informal exchange of discovery.

15. Defendant produced payroll and other data to allow Plaintiffs' Counsel to prepare preliminary damage calculations. Plaintiffs' Counsel analyzed this data and constructed a damages model.

16. Between January 2021 and June 2021, the Parties engaged in numerous discussions regarding Plaintiffs' overtime claims. On [July 22, 2021], the Parties executed a settlement agreement that is the subject of this motion.

17. The Parties' Settlement was the product of arm's-length negotiations by experienced wage and hour class/collective-action counsel.

**Settlement Agreement**

18. The Settlement has the effect of (1) providing monetary relief to those Eligible Settlement Class Members who opt into the Action, (2) in exchange for a narrow and limited release of the Eligible Settlement Class Members' overtime wage claims only, and (3) eliminating the inherent risks both sides would bear if this complex litigation continued to resolution on the merits.

19. Establishing damages, including the overtime hours that Sales Representatives worked could be difficult.

20. The benefit that Eligible Settlement Class Members will receive is significant. The entire $345,000 that will be deposited into the Settlement Account will be distributed to the Named Plaintiffs, Eligible Settlement Class Members, and Plaintiffs' Counsel.

21. Plaintiffs' Counsel estimates that the settlement represents approximately 100 percent of Plaintiffs' actual lost wages and liquidated damages, assuming that Eligible Settlement Class Members worked an average of 46.73 hours a week in every week they worked during the Class Period.

22. All Eligible Settlement Class Members will receive a check via U.S. Mail, representing their *pro rata* share of the Net Settlement Fund without the need to submit a claim form.

23. In addition, the payments Eligible Settlement Class Members will receive are significant.

24. Even after the payment of Attorneys' fees and litigation expenses and the Service Award, Eligible Settlement Class Members will receive a maximum payment of approximately $11,800 and an average payment of approximately $5,090.

25. This is an exceptional result by any measure inasmuch as Defendant denies that any of its policies and practices violated the FLSA.

26. The Plaintiffs assisted counsel in the investigation of the Eligible Settlement Class Members' claims, participated in settlement discussions, responded to points raised by Defendant, and provided vital assistance that helped Plaintiffs' Counsel achieve this settlement for the benefit of the Eligible Settlement Class Members.

27. The requested Service Awards totaling $5,000 is less than 1.4% of the Settlement Fund.

28. The Parties have retained Analytics LLC, an experienced wage and hour claims administrator, to serve as the Settlement Administrator.

29. Analytics LLC has experience administering large and complex settlements and was jointly selected by the Parties.

30. Under the Settlement Agreement, subject to Court approval, Plaintiffs' Counsel will receive one-third of the Gross Settlement Amount as attorneys' fees, totaling $115,000, plus out-of- pocket costs.

31. Counsel executed a fee arrangement with the Named Plaintiffs entitling Counsel to one-third of any recovery.

32. Counsel took this case on a contingent fee basis and assumed the risk they would receive *no* fee for their services.

33. The Settlement provides that Plaintiffs' Counsel may apply to the Court for payment of litigation expenses up to $700.

34. Plaintiffs' Counsel seek reimbursement of $674.05, which is the amount of litigation expenses Plaintiffs' Counsel has incurred in this matter through filing this action, postage, and electronic research.

35. Plaintiffs' Counsel's request of that amount from the Settlement Fund as payment of costs and expenses is appropriate, as these costs and expenses were necessarily incurred in order to litigate and settle this case.

**Exhibits**

36. Attached hereto as **Exhibit A** is the Settlement Agreement and accompanying

attachments.

   37.  Attached hereto as **Exhibit B** is a proposed order granting Plaintiffs' Unopposed Motion.

   38.  Attached hereto as **Exhibit C** is a proposed Notice of Settlement and Opportunity to Participate.

Dated: July 23, 2021             s/***Maureen A. Salas***
                      Maureen A. Salas