# AMENDED VERSION OF CLASS NOTICE

**Via U.S. Mail**
[Name]
[Street Address]
[City, State and Zip]

> **Re:** *Orbegoso v. Sprout Social, Inc*., Case No. 1:21-cv-3928 (N.D. Ill.) – Notice of Settlement and Opportunity to Participate

Dear [Name]:

You are receiving this letter because on _____ \_\_\_\_, 2021, a federal court in Illinois approved a $345,000 settlement of an overtime lawsuit (the "<u>Lawsuit</u>") against Sprout Social, Inc. ("<u>Sprout Social</u>"). You may participate in the settlement because you were one of 45 individuals who worked for Sprout Social as a Sales Development Representative and/or Business Development Representative (collectively, "Sales Representative") between November 4, 2017 and January 24, 2019.

This letter explains the Lawsuit, the settlement, how to participate in the settlement, and the effect of your cashing or depositing the enclosed check.

## 1. What is the Lawsuit About?

Former Sales Representatives ("Plaintiffs") employed by Sprout Social as Sales Representatives filed this Lawsuit alleging that Sprout Social misclassified them as an exempt employee and failed to pay them and other similarly situated Sales Representatives overtime wages in violation of the Fair Labor Standards Act (the "<u>FLSA</u>").

While Sprout Social does not admit any violation of the FLSA or any other applicable laws, to avoid further dispute, protracted litigation, and related costs, Sprout Social and the Plaintiffs have agreed to settle the Lawsuit.

The Court presiding over this case has not made any rulings on the merits of the claims or defenses in the Lawsuit, nor has the Court ruled that Sprout Social is liable for any payments to Sales Representatives, and no party has prevailed. Rather, the parties came to a mutually agreeable resolution which the Court has approved.

## 2. Does the Court Have an Opinion as to the Merits of the Lawsuit?

This notice is for the sole purpose of providing you with objective and neutral information concerning your right to participate in the settlement. The Court takes no position regarding whether or not the claims made in the Lawsuit have legal merit.

## 3. How Was My Settlement Payment Calculated and What Does it Represent?

For the purposes of the settlement, Sprout Social and the Plaintiffs agreed to a formula that calculates a possible amount of overtime the Sales Representatives may have worked during the relevant period. The formula assumes Sales Representatives worked approximately seven hours of overtime every week and provides for liquidated damages and interest. It does not necessarily represent the actual amount of overtime you may have worked. This formula is set forth in the Settlement Agreement.

Sprout Social has agreed to pay a total of $345,000 to settle the lawsuit for 45 Sales Representatives, which is the Gross Settlement Amount. From that amount, the following payments are being made: Plaintiffs' attorneys' fees and costs in the amount of $115,674.05; and payments to the two Plaintiffs in the amount of $2,500 each for the time and effort associated with their participation in the Lawsuit. The remaining amount will be distributed among current and former Sales Representatives who worked for Sprout Social between November 4, 2017 and January 24, 2019.

Your payment was calculated by taking the overtime wages that were calculated to be allegedly owed to you as part of the Settlement Agreement and dividing that number by the total amount calculated to be owed to all 45 eligible Sales Representatives and the two Plaintiffs. The result is your ratable share of the Net Settlement Fund. The enclosed settlement payment is your ratable share of the Net Settlement Fund.

**If you have questions about your settlement amount, contact Plaintiffs' Counsel identified below in Paragraph 8**.

### 4. How Do I Participate in the Settlement?

To participate in the settlement, you should deposit or cash your settlement payment on or before [insert date 180 days from the date on the check].

### 5. Will I Owe Taxes on a Settlement Payment if I Participate?

Your individual settlement payment has been separated into two equal amounts: 50% has been allocated to the claims asserted in the Lawsuit for unpaid overtime wages, and 50% has been allocated to the claims asserted in the Lawsuit for liquidated damages. The portion allocated to unpaid overtime wages is subject to all authorized or required payroll tax deductions, just as if it were a regular paycheck, and it will be reported on an IRS Form W-2. The portion allocated to liquidated damages will be reported as non-wage income on an IRS Form 1099. Sprout Social will pay the employer's share of applicable state and federal payroll taxes on the wage portion of your payment. Normal employee payroll taxes have been deducted from the wage portion of your payment. Neither Plaintiffs' counsel nor Sprout Social or its counsel makes any representations to you concerning the tax implications of the settlement payment. **Please consult with your accountant or other tax advisor regarding the tax consequences of the settlement amount paid to you.**

### 6. What are My Options?

If you deposit or cash your settlement payment by ▮▮▮▮▮▮, 2021, you will be consenting to opt into the Lawsuit. By opting into the Lawsuit, you agree to be bound by the Agreement to settle the case; and agree to waive and release any and all claims for unpaid overtime wages that you have or may have against Sprout Social, Inc. and the Released Parties, as asserted in the Lawsuit, including but not limited to claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, Revised Code of Washington § 49.46.130, and any other state or local wage and hour law which would apply.

Please note that the check contains the following language which verifies your agreement to opt into the Lawsuit for purposes of the settlement and to waive and release any alleged overtime and other claims alleged in the Lawsuit:

*CONSENT TO JOIN AND RELEASE OF CLAIMS*:

By signing and cashing this check: (1) I agree to join the case of Orbegoso v. Sprout Social, Inc., Case No. 1:21-cv-3928 (the "Lawsuit"), in United States District Court for the Northern District of Illinois, and agree to be bound by the Agreement to settle the case; and (2) I agree to waive and release any and all claims for unpaid overtime wages that I have or may have against Sprout Social, Inc. and the Released Parties, as asserted in the Lawsuit, including but not limited to claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, Revised Code of Washington § 49.46.130, and any other state or local wage and hour law which would apply . I understand that I have up to 180 days from the date I was mailed this check to sign and cash it.

If you do not deposit or cash your settlement payment by ▮▮▮▮▮▮, 2021, the check will become void and you will not participate in the settlement. You will not receive any money from this settlement and you will not release any claims you may have against Sprout Social.

## 7. What Happens if My Address Changes Before I Receive my IRS Tax Forms?

If your address changes before you receive your IRS tax forms, it is your responsibility to inform the Settlement Administrator, at the following phone number – (844) 955-4964 – or address: Orbegoso v. Sprout Social, c/o Analytics Consulting, LLC, PO Box 2002, Chanhassen, MN 55317-2002.

## 8. Are There More Details Available?

Yes. This notice summarizes the basic material terms of the settlement. If you have questions about the settlement or your settlement payment, you may contact Plaintiffs' attorneys at:

Sally J. Abrahamson
Werman Salas P.C.
Email: sabrahamson@flsalaw.com
Phone: 202-830-2016

**Do not contact the Judge or the Court Clerk or Sprout Social's attorneys about this settlement.**

Any questions regarding the tax implications of the settlement payments should be directed to your tax professional. Any questions about the settlement should be directed to Plaintiffs' attorneys.